RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
BRYCE B. ELLSWORTH, IDAHO STATE BAR NO. 8254
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE: (208) 667-0814

U.S. COURTS

APR 14 2021

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. CR 21-118-N BLW |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 853 |
| ANTOINNE JAMES HOLMES, | |
| Defendant. | |

The Grand Jury charges:

### COUNT ONE

**Distribution of Fentanyl Resulting in Serious Bodily Injury and Death
21 U.S.C. §§ 841(a)(1) and (b)(1)(C)**

On or about August 28, 2020, in the District of Idaho, the defendant, ANTOINNE JAMES HOLMES, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and the use of this substance resulted in serious bodily injury and death to G.D., in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## CRIMINAL FORFEITURE ALLEGATION(S)
### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offenses alleged in Count One of this Indictment, the defendant, ANTOINNE JAMES HOLMES, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

1. <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>. The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense (if facilitation is alleged), but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third person;

   c. Has been placed beyond the jurisdiction of the court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property which cannot be subdivided

**INDICTMENT - 2**

without difficulty.

Dated this 13th day of April, 2021.

A TRUE BILL

/s/ [signature on reverse]

FOREPERSON

RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:

BRYCE B. ELLSWORTH
ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT** - 3